UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FRANCISCO RODRIGUEZ, JR. and ) <br> MARIA CRUZ ) <br>     Plaintiffs ) <br> ) <br> v. ) <br> ) <br> COUNTRY MOTORS, II, INC. d/b/a ) <br> BOB'S BUICK PONTIAC GMC OF MILFORD ) <br> and SANTANDER CONSUMER USA, INC., ) <br>     Defendants ) <br> ) | CIVIL ACTION <br> COMPLAINT <br><br><br> JURY TRIAL DEMANDED <br><br><br><br><br> DECEMBER 1, 2014 |

COMPLAINT

1. This is a suit brought by two consumers regarding the purchase and sale of a motor vehicle ("the Vehicle") pursuant to a retail installment sales contract (the "Contract"). Plaintiffs bring this action to recover actual damages, statutory damages, punitive damages, reasonable attorney's fees and costs from defendants Country Motors, II, Inc. d/b/a Bob's Buick Pontiac GMC of Milford ("Bob's of Milford") and Santander Consumer USA, Inc. ("Santander"). The Plaintiffs claim that Bob's of Milford has violated the federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), the Connecticut Retail Installment Sales Finance Act ("RISFA") Conn. Gen. Stat. § 36a-770 *et seq.,* and the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq.* ("CUTPA").

2. Plaintiff Francisco Rodriguez, Jr. is a natural person residing in New Haven, Connecticut.

3. Plaintiff Maria Cruz is a natural person residing in Meriden, Connecticut.

4. Defendant Bob's of Milford is a domestic corporation that operates an automobile dealership in Milford, Connecticut.

5. Defendant Santander is an Illinois corporation with its headquarters in Dallas Texas, and it is an operating subsidiary of Santander Bank, a national bank headquartered in Boston, Massachusetts.

6. Jurisdiction in this court is proper pursuant to 15 U.S.C. § 1640(e) and 28 U.S.C. § 1331.

7. This court has jurisdiction over Bob's of Milford because it is incorporated in this state and regularly conducts business in this state.

8. This court has jurisdiction over Santander because it regularly conducts business in this state.

9. Venue in this court is proper because Plaintiffs reside in Connecticut and the claims involve a transaction that occurred in Connecticut.

10. In August 2014, Rodriguez visited Bob's of Milford to explore the purchase of a motor vehicle.

11. Rodriguez went to Bob's of Milford because he had seen advertisements in which it promised that it would approve anyone's credit regardless of income.

12. These advertisements were false and deceptive, because although Bob's of Milford works with multiple finance companies, including some that specialize in subprime financing, it does not approve all credit applications.

13. Rodriguez completed a credit application and he was told that he would not be approved unless he obtained a co-signer for a car purchase.

14. Plaintiff requested that Cruz, his mother, serve as a co-signer, and Cruz agreed.

15. Rodriguez informed the Bob's of Milford employees with whom he dealt that he could afford to make payments of up to $400/month.

16. Bob's of Milford showed Rodriguez a pre-owned 2013 Nissan Altima (the "Vehicle"), and Rodriguez agreed to purchase the Vehicle.

17. Bob's of Milford presented Plaintiffs with a purchase order and a retail installment contract (the "Contract") for the purchase of the Vehicle.

18. The Contract indicated that a down payment of $1,100 was required.

19. Bob's of Milford told Plaintiffs that they would not be required to pay that money, but that they needed to include it on the Contract in order to satisfy Santander.

20. Bob's of Milford may have had Plaintiffs sign an agreement to pay the $1,100, but they assured Plaintiffs that this agreement was necessary only if Santander audited it.

21. On information and belief, Bob's of Milford misrepresented to Santander that Plaintiffs were making a down payment of $1,100 in order to induce Santander to accept assignment of the Contract.

22. Although the purchase order and the Contract reflect a stated cash price of $22,729, the effective cash price of the Vehicle, once the false down payment is subtracted, was only $21,629.

23. The sales tax in the transaction was calculated based upon the stated cash price of $22,729, resulting in a higher sales tax charge of $69.85.

24. When Rodriguez questioned Bob's of Milford employees regarding the price of the Vehicle, he was told that Santander charged a fee to accept assignment of the Contract and that this fee had been added to the price of the Vehicle.

25. This additional sales tax would not have been charged in a cash transaction, because it would have been unnecessary to list a false down payment in a cash transaction as there would be no finance company to deceive into accepting assignment of the retail installment contract.

26. Additionally, on information and belief, Bob's of Milford provided false information to Santander regarding the optional equipment that was included on the Vehicle in order to deceive Santander into believing that the Vehicle was worth more than its actual value. Plaintiffs base this allegation upon the frequency of this practice, known as "powerbooking", in the automotive industry and upon the fact that the Vehicle was sold at an effective cash price of $21,629 even though it had an NADA Retail Value of only approximately $17,000.

27. In reality, the actual value of the Vehicle was less than the NADA Retail Value, because it was a former rental car, and former rental vehicles have a lower value than other comparable vehicles.

28. Bob's of Milford may also have submitted false information regarding the income or expenses of either or both Plaintiffs to Santander.

29. Bob's of Milford's provision of false information regarding the amount of the down payment and, potentially, the value of the Vehicle and the creditworthiness of the Plaintiffs, was in violation of 18 U.S.C. § 1014, because Santander is an operating subsidiary of a national bank.

30. Bob's of Milford knew that the Vehicle was a former rental vehicle but misrepresented that history to Plaintiffs by providing them with a "Used Vehicle Disclosure" which left unmarked the box that would indicate that the Vehicle was a former Rental.

31. Bob's of Milford false statements to Santander and to Plaintiffs were made in order to enable it to sell Plaintiffs a vehicle that was grossly overpriced.

32. Bob's of Milford also included as part of the agreement a Guaranteed Asset Protection Addendum", frequently referred to as GAP, which provides that in the event that the Vehicle is declared a total loss, the Plaintiffs would not be responsible for the balance under the Contract beyond the insurance pay-off.

33. The GAP Addendum, which was neither requested nor desired by Plaintiffs, was sold at a cost of $900.

34. The GAP addendum provided to Plaintiffs included a cap on the coverage such that there would be no coverage to the extent that the amount financed on the Vehicle exceeded 125% of the Vehicle's NADA book value, or approximately $17,000.

35. The amount financed under the Contract was $27,341.73, an amount that was materially in excess of the maximum coverage under the GAP Addendum ($17,000 X 1.25 = $21,250).

36. The foregoing actions by Bob's of Milford constitute unfair and deceptive acts in violation of the Connecticut Unfair Trade Practices Act.

37. Santander is subject to these claims up to the amount paid under the terms of the contract and pursuant to Conn. Gen. Stat. § 52-572g.

38. The additional sales tax charged in the transaction and any bank fee charged by Santander should have been disclosed as finance charges rather than included in the amount financed, in violation of the Truth in Lending Act.

39. The TILA violations also constitute willful violations of the Connecticut Retail Installment Sales Finance Act, and if Santander retains the benefit of the Contract notwithstanding its knowledge of those violations, then it is not permitted to collect any finance charges on the Contract.

Wherefore, Plaintiffs claim statutory damages of $2,000, plus a reasonable attorney's fee pursuant to 15 U.S.C. § 1640(a)(3); actual and punitive damages pursuant to C.G.S. § 42-110g(a); attorney's fees pursuant to C.G.S. § 42-110g(d); an order from the Court ordering that Santander is prohibited from recovery of any finance, delinquency or collection charge from Plaintiffs, and such other further relief to which Plaintiff is, at law, or in equity and by statute entitled to against Bob's of Milford and/or Santander.

        PLAINTIFFS FRANCISCO RODRIGUEZ, JR.
        AND MARIA CRUZ

By: /s/ Daniel S. Blinn
    Daniel S. Blinn, ct02188
    Consumer Law Group, LLC
    35 Cold Spring Rd. Suite 512
    Rocky Hill, CT  06067
    Tel. (860) 571-0408
    Fax. (860) 571-7457
    dblinn@consumerlawgroup.com